## DETERMINATION AS TO NATURE OF THE ESTATE BEQUEATHED.

Court of Appeals for Hamilton County.

EDNA CAROL THARP v. THE UNITED STATES FIDELITY & GUARANTY CO.

Decided, March 26, 1913.

*Wills—Bequest Held to Have Been a Vested Rather than a Contingent Remainder—Procedure where Recovery is Sought on the Bond of the Administrator.*

1. Under the will of T a life estate with power to consume was bequeathed to his widow, and at her death "should there be remaining of my estate and property a sum greater than $5,000, I give and bequeath the remainder thereof to my son W P T."

*Held:* That the son took a vested rather than a contingent remainder, and his daughter must therefore claim as his heir-at-law and subject to his debts.

2. But even were it true that T took a contingent remainder, his daughter could not maintain an action on his bond for the value the estate alleged to have been appropriated to his own use; but the proper procedure would be by exceptions to his account as filed in the probate court, or by petition to set aside the settlement which he made in the probate court as administrator of the estate.

*C. W. Baker,* for plaintiff in error.
*Harmon, Colston, Goldsmith & Hoadly,* contra.

JONES, E. H., J.; SWING, P. J., and JONES, O. B., J., concur.

Oliver P. Tharp, a resident of Hamilton township, Warren county, Ohio, died February 25, 1894. On March 9, 1894, as appears by a transcript of the docket entries in the matter of his estate, his will was admitted to probate. The will was as follows:

"In the name of the Benevolent Father of all.

"I, Oliver P. Tharp, a Resident of Hamilton Township, in Warren County, State of Ohio, being of Full Age, and sound memory, do make and publish this, my last Will and Testament:

"Item 1st. It is my will that my Just Debts; and all lawful charges be paid out of my Estate.

"Item 2nd. All the remainder of my Estate, both Real and Personal, including my Real Estate in said Hamilton Township, and elsewhere, of which I may die seized, and all Bonds, Stocks, Securities, and Chattel Property of any and all descriptions whatsoever, which I may own at the time of my death, I give and devise to my beloved wife, Rachel S. Tharp, to be hers, and to be and remain under her sole control, so long as she shall live.

"Item 3d. Should the Chattel property which may remain after paying my debts as aforesaid, and the income from the Real Estate of which I may die seized, prove to be insufficient for my said wife's maintenance in comfort then in that case, I authorize and empower her to sell, by private sale, or in such manner, upon such terms of credit, or otherwise, as she may think proper. any part of, or all of my Real Estate, and Deed or Deeds, to purchaser or purchasers to execute, acknowledge, and deliver in fee simple, so that she may be enabled to live absolutely comfortable, and in accordance with her station in life.

"Item 4th. I hereby authorize and empower my said wife, to sell and convey in fee simple, at any time after my death, should she deem it expedient so to do, my Real Estate, or any part thereof, situate in said Hamilton Township; and I direct, that in the event of such sale, she invest the net proceeds thereof in some profitable manner, provided always that said proceeds are not necessary for her support.

"Item 5th. At the death of my said wife, I give and devise to my Grand-daughter, Edna C. Tharp, the sum of Five Thousand Dollars ($5,000); provided that so large an amount of my estate is found to be remaining at the death of my wife. If however there should not be such amount remaining, then and in that case I give and bequeath unto the said Edna C. Tharp such amount as may be found (less than Five Thousand Dollars) remaining of my estate. I further direct that, should my said wife die before the said Edna arrives at the age of eighteen years, the said sum of Five Thousand Dollars, or fractional part thereof, be invested in some secure manner, and that the same remain so invested until the said Edna arrives at said age, when I desire that she receive into her own control the said sum, with the increase thereof.

"Item 6th. At the death of my said wife, should there be remaining of my estate and property, a sum greater than Five Thousand Dollars, I give and bequeath the remainder thereof to my son, Willis P. Tharp.

"Item 7th.  I do hereby nominate and appoint my said wife as executrix of this my last Will and Testament, desiring that she manage my estate in all things as she may conceive to be for the best interests of the same, and for her own interests, and I direct that she be not required to enter into Bond for the performance of her duties as such executrix, and I desire that the appraisement of my personal property be dispensed with, unless some reason to me not known shall render the same necessary.  I desire that M. W. Conway of Hamilton County, Ohio, act as legal advisor for my executrix, should she stand in need of legal advice in the execution of any of the several provisions of this, by last Will and Testament.

"Item 8th.  Whereas, I now own One Hundred Shares of Stock in the 'Cincinnati Consolidated Street Rail Way Company, of Cincinnati, Ohio, which stock I consider to be worth, at least its full face value;  Now therefore, should I continue to own the same at my death, and should the same not be consumed in the support of my said wife during her life time, then and in that case, I desire that the same be given to my grand daughter Edna C. Tharp, in lieu of 'the sum of Five Thousand Dollars,' as provided for in 'Item 5th' of this Last Will and Testament, upon the same condition as to age of said Edna, and death of my said wife, as are named in said 'item.'

"Item 9th.  Desiring to avoid any and all confusion or contention which may possibly arise after my death, in regard to the location of my Real Estate, as set forth herein in 'Item 2d,' I will state that I intend my Real Estate situate in Hamilton Township, Warren County, Ohio, and in Hamilton County, State of Ohio, and wherever else I may own Real Estate at the time of my death, to come under the provisions of said 'Item.' I revoke all former Wills by me made.

"In testimony hereof, I have hereunto set my hand and seal, this 19th day of February in the year 1894.

· his

"Oliver P. Tharp,   X   (Seal)."

mark

Mrs. Tharp, the widow, declined to qualify as executrix of the will, and Willis P. Tharp, only child of the deceased, was on March 13, 1894, appointed administrator with the will annexed, and on the same day gave bond.  He published due notice of his appointment, as required by law, and thereafter acted as administrator until his resignation, which will be hereafter re-

ferred to.   On February 8, 1898, the sureties on the former
bond having been released, Willis P. Tharp gave a new bond in
the sum of $25,000 with this defendant as surety thereon.   Wil-
lis P. Tharp filed various accounts, all of which were approved,
and thereafter, on June 6, 1904, his resignation was filed and his
final account was approved and his resignation was accepted.
Willis P. Tharp died, and the plaintiff, his only child, brought
this action to recover $25,000 against the United States Fidelity
& Guaranty Company, surety on his bond.   The cause was tried
in February, 1912, and the facts heretofore set out appeared in
evidence.   In addition, the plaintiff offered to prove that Willis
P. Tharp, as administrator, received from the sale of the prop-
erty of his father's estate about $25,000;   that he appropriated
this to his own use and accounted for it by filing in the Probate
Court of Warren County accounts showing disbursements for
his own personal expenses of all sorts, which accounts were con-
firmed and approved by the court; that the amounts so appropri-
ated were not expended for his mother but for his own use;
that Willis P. Tharp died intestate September 5, 1908, and that
Rachel S. Tharp, his mother, died in March, 1910; that Willis
P. Tharp was the only child of Oliver P. Tharp and Rachel S.
Tharp, and that the plaintiff was the only child of Willis P.
Tharp, and that Willis P. Tharp left a widow who is now living.

The court excluded so much of this testimony as tended to
prove the appropriation of the proceeds of the estate by Willis
P. Tharp to his own use, and that he accounted for these pro-
ceeds by filing accounts showing the spending of it for his own
personal purposes.   Thereupon upon motion of the defendant
the court directed a verdict for the defendant.

The main question presented by briefs and in oral argument
is whether Willis P. Tharp took a vested remainder in the
estate of his father Oliver P. Tharp under the provisions of the
latter's will.   The theory upon which this contention rests is
that if the interest of Willis P. Tharp vested upon the death of
his father, the plaintiff must claim as his heir at law and sub-
ject to his debts.   If, on the other hand, her father took only a
contingent remainder plaintiff may claim an interest as direct

heir of testator, her father, the remainderman having died before any estate vested in him by virtue of the said will.

Another vital question occurring to the court, though not urged in argument, is as to the right of plaintiff to maintain this action in her individual capacity even though the second alternative of above proposition be correct.

We are of the opinion that the proper procedure would be by exceptions to the account or petition to set aside settlement of same in the Probate Court, and thus have the liability ascertained and claim presented to the surety by the legal representative of testator.

But, according to our view of the case such proceeding would avail nothing, for we hold that the claim made by the surety company that Willis Tharp took a vested remainder upon the death of his father is fully supported by the Ohio decisions cited, including the case of *Johnson* v. *Johnson,* 51 O. S., 456, cited in plaintiff's brief. Also, *Baxter* v. *Bowyer,* 10 O. S., 490.

The estate of Willis Tharp would, therefore, be the recipient of any amount that might be adjudged owing by and recovered from the defendant surety, which sum, in turn, would constitute a valid claim of the surety company against his estate, so that it will be seen no benefit could be derived by this plaintiff and she could have no capacity to sue in this action, not being a party in interest.

For these reasons the judgment will be affirmed.