*S. Phillip Brown,* for appellant.
*Glenn Frick, Sue K. A. Nichols,* for appellee.

74146. BROWN v. SOUTHWEST GEORGIA PRODUCTION CREDIT ASSOCIATION.
(356 SE2d 727)

BANKE, Presiding Judge.

The Southwest Georgia Production Credit Association (hereinafter "the credit association") sued Otto Brown to recover a balance of $35,055 allegedly owed on a promissory note. On appeal from the grant of the credit association's motion for summary judgment, Brown contends that a material issue of fact exists with respect to whether the credit association released him from further liability on the note when it purchased a parcel of land he had previously owned.

The property in question was located adjacent to Brown's former

home and contained a portion of a swimming pool connected to the home. As security for the indebtedness represented by the note, Brown had previously given the credit association a security deed on the home; and the credit association had foreclosed on that property, applying the proceeds from the foreclosure sale against the balance then owing on the note. Brown had conveyed the adjacent lot to his wife, who had subsequently conveyed it to Brown's aunt, Gloria Murrah, either to secure or to satisfy a debt Brown owed her in the amount of $4,000. Mrs. Murrah averred in an affidavit submitted by Brown in opposition to the summary judgment motion that Lunus Daniel, a board member of the credit association, had approached her about selling this property to the credit association and that she had told him she would sell the land for the amount of the debt Brown had owed her, provided she was assured that Brown would be released from any further liability on the note. According to Mrs. Murrah, Daniel gave her such an assurance, and on that basis she deeded the lot to the credit association for $4,000. *Held*:

It is evident from Ms. Murrah's affidavit that any alleged understanding she may have had with Mr. Daniel regarding the release of Brown's remaining liability on the note was not reduced to writing. Accordingly, it could not have survived her transfer of the property to the credit association. "[P]arol evidence is admissible to show that the true consideration of the deed is in fact different from the one stated merely by way of recital. However, one of the parties to a deed cannot, under the guise of inquiring into its consideration, engraft upon the instrument a new condition or covenant which imposes an additional affirmative obligation upon the other party." *Awtrey v. Awtrey*, 225 Ga. 666, 669 (171 SE2d 126) (1969), citing *Stonecypher v. Ga. Power Co.*, 183 Ga. 498 (3) (189 SE 13) (1936). Moreover, "[a] president or other officer of a bank is precluded . . . from making promises which will relieve the maker of a note payable to the bank from responsibility therefor. [Cit.]" *Cooper v. Mercantile Nat. Bank*, 137 Ga. App. 605, 608 (224 SE2d 442) (1976).

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED APRIL 17, 1987.

*Fife M. Whiteside*, for appellant.
*William E. Smith*, for appellee.