A03A2448. KNUTSEN et al. v. ATLANTA WOMEN'S SPECIALISTS OBSTETRICS & GYNECOLOGY et al.
(589 SE2d 588)

ELDRIDGE, Judge.

Appellant-plaintiff Mark E. Knutsen brought the instant medical malpractice action personally, as next of kin to his wife, the decedent Karen Vargo Knutsen, and as parent and natural guardian of Grace Karen Valentine Knutsen, the sole surviving child of the decedent, seeking damages for personal injuries and loss of consortium. The appellee-defendants, Atlanta Women's Specialists Obstetrics & Gynecology (Susan S. Glander,[1] Maury L. Fradkin, Yvette M. Smith, Carol A. Gourley, Ellen Martin, Tiffany Postell, Juanita Hathaway, Yolanda Rozier), Northside Hospital (L. Spiller, W. Rovee, Tonya Hughes), and Northside Anesthesiology Consultants, LLC (Richard Scott Ballard and Eric Tucker), timely answered and moved to dis-

---

[1] Upon the consent of the parties, the superior court dismissed Glander from the case without prejudice on January 15, 2003.

miss. Knutsen appeals from the final judgment of the Fulton County Superior Court dismissing his wrongful death action, contending that he satisfied the exception to the contemporaneous filing requirement in OCGA § 9-11-9.1 (b), his original complaint, as amended, as filed within ten days of the running of the two-year medical malpractice statute of limitation under OCGA § 9-3-71 (a).[2] The record shows that the superior court granted the motions to dismiss upon "*consider[ing] the entire record,* including the pleadings and arguments of counsel." (Emphasis supplied.) In effect, therefore, the superior court's grant of appellees' motions to dismiss was a grant of summary judgment. *Gordon v. Southeastern Fidelity Ins. Co.,* 182 Ga. App. 790 (357 SE2d 146) (1987). Finding a jury question remaining as to whether Knutsen's complaint, as filed without an expert's affidavit attached, satisfied the exception to the contemporaneous filing requirement of OCGA § 9-11-9.1 (b), we reverse.

To prevail on summary judgment, the appellees must show that there is no evidence sufficient to create a jury issue on at least one essential element of Knutsen's case. If there is no evidence sufficient to create a genuine issue as to any essential element of Knutsen's claim, "that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial." *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991); *D. N. Garner Co. v. Ga. Palm Beach Aluminum Window Corp.,* 233 Ga. App. 252, 253 (504 SE2d 70) (1998). On appeal from a trial court's grant of summary judgment, we conduct a de novo review of the record and construe the evidence and all reasonable inferences in favor of the nonmoving party. *Maddox v. Southern Engineering Co.,* 231 Ga. App. 802, 803 (500 SE2d 591) (1998); *Lane v. Spragg,* 224 Ga. App. 606 (481 SE2d 592) (1997).

Pertinently, the record reveals that Knutsen filed his original complaint and first amended complaint less an expert's affidavit on September 17, 2002, averring, among other things, that time constraints foreclosed obtaining an expert's affidavit and that his wife died at Northside Hospital in Atlanta on September 29, 2000, of an untimely treated urinary tract infection — this during a pregnancy which caused her waters to break prematurely, requiring that the couple's child be delivered by caesarean section. On October 17, 2002, the appellees filed their answers and moved to dismiss for failure to state a claim on which relief can be granted, asserting that dismissal of Knutsen's complaint was required because the complaint was filed *twelve* days before the expiration of the statute of limitation upon the two-year anniversary of Mrs. Knutsen's death, September 29, 2002,

---

[2] "[A]n action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." OCGA § 9-3-71 (a).

and that this filing date did not comply with the exception to the contemporaneous filing requirement of OCGA § 9-11-9.1 (b). Without further amending his complaint for this purpose, Knutsen filed his response to the motions to dismiss on November 15, 2002, for the first time asserting that his wife "actually died on September 27, 2000 and not on September 29, 2000 as a matter of Georgia law and as a matter of medical fact." Knutsen attached to his response the supplemental affidavit to such effect of the medical expert whose initial affidavit, filed on October 18, 2002, in support of his complaint, expressed the view that death occurred on September 29, 2000, and included a hospital record and an autopsy report showing that the decedent was pronounced dead on such date. The superior court heard the appellees' motions to dismiss on April 7, 2003, two days later entering the order complained of thereon. Four days before the hearing, Knutsen filed the affidavit of a doctor of osteopathy in further support of his response to appellees' motions to dismiss. Such expert also opined that the decedent died on September 27, 2000, rather than September 29, 2000. *Held*:

> Under OCGA § 9-11-9.1 (a), an expert's affidavit must be filed with any complaint alleging professional malpractice. This contemporaneous filing requirement is not applicable, and a plaintiff has an automatic right to file the affidavit within 45 days of filing the complaint, however, in the following circumstances: (1) when the limitation period will expire within ten days of the date of filing the complaint; and (2) when the plaintiff alleges that because of the time constraints an expert affidavit could not be prepared. OCGA § 9-11-9.1 (b).

*Sullivan v. Fredericks*, 251 Ga. App. 790, 791 (554 SE2d 809) (2001). A complaint is subject to dismissal for failure to state a claim when the plaintiff fails to file an expert affidavit as required. OCGA § 9-11-9.1 (e). A dismissal for failure to state a claim is a dismissal on the merits with prejudice. *Dillingham v. Doctors Clinic*, 236 Ga. 302 (223 SE2d 625) (1976).

The appellees argue that no error obtained for the superior court's grant of their motions to dismiss in that, by his complaint and initial expert affidavit, Knutsen admitted in judicio that his wife's death occurred on September 29, 2000, such pleadings as binding upon him for his failure to withdraw them by amended pleadings before submitting his evidence to the contrary under OCGA § 9-11-15.

This Court has held that "a party to a suit will not be allowed to disprove an admission made in his pleadings, without withdrawing it

from the record." *Walker v. Jack Eckerd Corp.*, 209 Ga. App. 517, 519 (1) (434 SE2d 63) (1993).

> However, if the trial court admits that conflicting evidence, and either the court (e.g., when ruling on a motion for summary judgment[, as here,]) or the jury (when reaching its verdict) considers the conflicting evidence *on the merits*, the pleadings at that point become amended to conform to such evidence. This is because, by admitting the evidence and allowing the factfinder to consider it, the trial court has in effect, either sua sponte or by overruling an opposing motion, tacitly permitted the pleading party to withdraw the admission contained in the pleadings. Conversely, when the trial court does not allow the conflicting evidence to be admitted or, where applicable, elects not to consider the issue *on the merits*, the admission of fact made in the pleadings remains in full force and effect as an admission in judicio and is conclusive of the fact admitted. See generally OCGA § 24-3-30.

(Emphasis in original.) Id. at 519-520 (1); *Wahnschaff v. Erdman*, 232 Ga. App. 77, 78 (1) (502 SE2d 246) (1998). The superior court here considered the entire record, in particular conflicting evidence as to the date of the decedent's death as relevant to the viability of Knutsen's cause of action as complying with the exception to the contemporaneous filing requirement under OCGA § 9-11-9.1 (b). The superior court having thus tacitly allowed Knutsen to "amend" his pleadings, no admission in judicio remained in bar of his claim.

Further, we find that *if* Mrs. Knutsen died on September 27, 2000, as Knutsen contends, his complaint was filed within ten days of the expiration of the statute of limitation for wrongful death arising out of medical malpractice. Such statute of limitation expired on the second anniversary of her death, September 27, 2002, in that it began running from the date Mrs. Knutsen died. OCGA § 9-3-71 (a), (c); *Legum v. Crouch*, 208 Ga. App. 185, 187 (2) (430 SE2d 360) (1993); compare *Gardner v. Hyster Co.*, 785 FSupp. 161, 163 (M.D. Ga. 1992) (general rule of computation excluding first day and including last day, OCGA § 1-3-1 (d) (3), applicable to two-year limitation period for personal injury under OCGA § 9-3-33, this reversing earlier case law which included the day of injury as the first day and excluded the last day in calculating the period of limitation, in effect, extending the statute of limitation for personal injury actions from two years to two years and one day).

On motion for reconsideration, appellees argue that we must affirm in that the governing two-year statute of limitation expired on

September 28, 2002, the moment the clock moved beyond midnight of September 27, this leaving Knutsen's complaint as untimely filed under OCGA § 9-11-9.1 (b), i.e., not filed "within" ten days of the expiration of the statute of limitation. In doing so, however, it appears that appellees have erroneously calculated the applicable period of limitation under OCGA § 1-3-1 (d) (3), excluding the date of Mrs. Knutsen's death and including the two-year anniversary thereof, *Legum v. Crouch*, supra, this resulting in a two-year and one-day period of limitation contrary to the two-year statute of limitation for medical malpractice envisioned by the General Assembly. OCGA § 9-3-71 (a), (c); see *Gardner v. Hyster Co.*, supra. That the two-year statute of limitation in issue expired on September 27, 2002, Knutsen's complaint, filed on September 17, 2002, was filed "within" ten days of the expiration of the statute of limitation, OCGA § 9-3-71 (a), (c); *Legum v. Crouch*, supra, satisfying the exception to the contemporaneous filing requirement under OCGA § 9-11-9.1 (b).[3]

Because a jury question exists as to the date of the decedent's death, this controlling Knutsen's entitlement to the 45-day grace period for filing an expert's affidavit allowed by OCGA § 9-11-9.1 (b), the superior court's grant of summary judgment for the appellees was error. *Lau's Corp. v. Haskins*, supra; *D. N. Garner Co. v. Ga. Palm Beach Aluminum Window Corp.*, supra; *Maddox v. Southern Engineering Co.*, supra; *Lane v. Spragg*, supra.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 24, 2003 —
RECONSIDERATION DENIED NOVEMBER 13, 2003 — ▮

*Grant G. Morain*, for appellants.

*Carlock, Copeland, Semler & Stair, Willard T. Bullock IV, Burr & Forman, Frederick W. Ajax, Jr., Goldner, Sommers, Scrudder & Bass, Susan V. Sommers, Matthew P. Lazarus, Alston & Bird, Laura C. Johnson*, for appellees.

---

[3] Knutsen filed his complaint on September 17, 2002. Ten days from that date, excluding the date of filing as the first day and including the last day pursuant to OCGA § 1-3-1 (d) (3), was September 27, 2002.