## A08A2192. HAN v. HAN et al.
(670 SE2d 842)

ELLINGTON, Judge.

Esther Han appeals from the trial court's grant of summary judgment to Ki Hong Han, Sook Im Han and CLH Investment Company, LLC, and the denial of her motion for partial summary judgment in this action on a contract for the purchase of real property. For the following reasons, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review the grant [or denial] of summary judgment de novo, construing the evidence in favor of the nonmovant." (Citations and punctuation omitted.) *White v. Ga. Power Co.*, 265 Ga. App. 664, 664-665 (595 SE2d 353) (2004).

So viewed, the record shows the following undisputed facts. In July 2005, the appellant, Esther Han, sold a piece of developed property to the appellees, Ki Hong Han and Sook Im Han.[1] The sales agreement identified the property and showed a selling price of $375,000, to be paid in cash at closing. The agreement also contained an "entire agreement" clause and stated that "no modification of this Agreement shall be binding unless signed by all parties to this Agreement. No representation, promise, or inducement not included in this Agreement shall be binding upon any party hereto." The appellant transferred the property to the appellees by quitclaim deed on July 3, 2005.

---

[1] The appellees and the appellant are not related.

On July 7, 2005, appellee Sook Im Han executed a separate promissory note, handwritten in Korean, in which she promised to pay the appellant's mother, Reverend Jung Mi Han, $300,000 between July 2005 and December 2006. The promissory note did not refer to the appellant, the property at issue, the sales agreement or the deed, nor does it show that Reverend Han gave anything in consideration for the note. In fact, it is undisputed that Reverend Han had no ownership interest in the property at the time of the sale, and she admitted that neither she nor the appellant gave Sook Im Han anything in exchange for the promissory note.

Over the next year, the appellees paid Reverend Han several thousand dollars in cash toward the note. The appellant contends the money was intended for her, however, and Reverend Han claims that she was only collecting the money on behalf of the appellant, even though she admitted that she kept all of the money.

In September 2006, the appellees stopped making payments on the note, and the appellant sued them for the balance.[2] In her complaint, the appellant claimed that the original $375,000 contract only represented a partial payment for the property and that the appellees had breached their promise, which was allegedly memorialized in the note, to pay her an additional $300,000 for the property, for a total of $675,000.[3] She also claimed that Ki Hong Han and Sook Im Han committed fraud by transferring the property to their corporation, appellee CLH Investment Company, LLC, when they still owed money to her under the note.

The appellees filed a motion for summary judgment on the claims, and the appellant filed a motion for partial summary judgment. After conducting a hearing, the trial court concluded that the appellees were entitled to judgment as a matter of law. This appeal followed.

1. The appellant claims that the appellees breached their promise to pay her $300,000 for the property, in addition to the $375,000 specified in the written sales agreement. This claim fails as a matter of law due to the Statute of Frauds and the existence of an "entire agreement" provision in the sales agreement. Therefore, the trial court properly granted summary judgment to the appellees on the appellant's breach of contract claim.

---

[2] Although Reverend Han was also a named plaintiff in the complaint, she dismissed her claims prior to the court's grant of summary judgment to the appellees. Reverend Han is not a party to this appeal.

[3] In contrast, the appellees contended that the promissory note had nothing to do with the purchase price to be paid for the property. Instead, it was an agreement for Reverend Han to continue to operate a spiritual center she had operated on the property before the sale. The appellees claimed they stopped paying on the note when Reverend Han became physically unable to perform her duties.

(a) Under the Statute of Frauds, in order for a promisee to enforce a contract for the sale of land, any interest in land, or concerning land, the contract must be "in writing and signed by the party to be charged therewith or some person lawfully authorized by him." OCGA § 13-5-30 (4). The sales agreement meets these requirements. In contrast, the promissory note does not refer to the property or the real estate transaction and is not signed by both appellees (the purchasers). Thus, the note is unenforceable under the Statute of Frauds to the extent that the appellant contends it memorialized an oral agreement for the appellees to pay an additional $300,000 for the land at issue. Id.

(b) Further, any claim that the parties agreed that the purchase price for the property would be $675,000 instead of the $375,000 specified in the sales agreement must fail due to the provision which explicitly states that the written agreement constitutes the entire agreement between the parties, that it supercedes all inconsistent promises, representations and inducements, and that it cannot be modified except in a writing signed by all the parties. As shown above, the promissory note does not refer to the property or the sales agreement and is not signed by all the parties. Thus, by the express terms of the written sales agreement, it cannot modify the agreement. *Wilkie v. 36747, LLC*, 294 Ga. App. 179, 182 (3) (669 SE2d 155) (2008) ("The entire agreement clause operates as a disclaimer, establishing that the written agreement completely and comprehensively represents all the parties' agreement. Thus, if the contract contains a merger clause, a party cannot argue they relied upon representations other than those contained in the contract.") (citation and punctuation omitted); *Chip Kassinger, Inc. v. Steimer*, 205 Ga. App. 349, 350-351 (1) (422 SE2d 241) (1992) (physical precedent only).

2. The promissory note is also unenforceable because it lacks consideration. "In an action on a promissory note, a claimant may establish a prima facie right to judgment as a matter of law by producing the promissory note and showing that it was executed." (Citation omitted.) *Gentile v. Bower*, 222 Ga. App. 736, 738 (1) (477 SE2d 130) (1996). On a motion for summary judgment, the burden then shifts to the obligor to establish an affirmative defense to the claim, such as the lack of consideration. Id.; OCGA §§ 13-3-40 (a) (consideration is essential to an enforceable contract); 13-5-9 (total or partial failure of consideration may be pleaded as a defense to enforcement of a promise). In this case, the appellees met their burden of showing that they were not liable under the note due to the lack of consideration.

The note itself does not show that Reverend Han transferred any consideration in exchange for the note. Further, the appellant

transferred the property to the appellees via quitclaim deed, thereby divesting herself of any interest in the property, days *before* Sook Im Han executed the promissory note. Thus, the undisputed evidence shows that neither the appellant nor Reverend Han owned an interest in the property when the note was executed, so a transfer of their interest in the property could not have served as consideration for the note. Consequently, the trial court did not err in granting summary judgment to the appellees on the appellant's claim for payment on the note.

3. The appellant's claims for unjust enrichment and promissory estoppel must also fail due to the existence of a valid, written sales agreement.

(a) "[W]here there is an express contract, there can be no recovery based upon [an] unjust enrichment theor[y]." (Citation omitted.) *Chip Kassinger, Inc. v. Steimer*, 205 Ga. App. at 351 (2). Further, where there is a merger clause in the written sales contract and there is no evidence that the purchasers prevented the seller from reading the contract before signing, there can be no detrimental reliance on an alleged oral agreement so as to avoid the Statute of Frauds. *Wilkie v. 36747, LLC*, 294 Ga. App. at 182 (3); *Chip Kassinger, Inc. v. Steimer*, 205 Ga. App. at 351 (1).

(b) To the extent that the appellant attempts to challenge the validity of the sales agreement based upon her claims that she is not certain that the contract in evidence is the same one she signed, the transcript of her deposition shows that, although she read the contract before signing it, she did not remember what the contract said or whether it contained an "entire agreement" provision. She admitted that she did not have a copy of the contract that she signed and that she could not state with certainty that the contract in evidence was not the contract she signed. There is no dispute, however, that she intentionally signed a sales agreement which listed a sales price of $375,000 for her property, nor is there any evidence that the appellees procured her signature through fraud. Thus, this argument lacks merit.

Further, her claim that the sales agreement was void ab initio due to a mistake in the description of the property must also fail. Any mistake was cured when the appellant executed the quitclaim deed in favor of the appellees, because the property description in the sales agreement merged into the accurate description of the property in the executed deed as a matter of law. *J. Andrew Lunsford Properties v. Davis*, 257 Ga. App. 720, 722 (1) (572 SE2d 682) (2002). Moreover, the appellant is estopped from challenging the validity of the sales agreement as a matter of law, because she was or should have been aware at the time she signed the agreement of the mistakes which she now contends renders the agreement void.

*McGlaun v. Southwest Ga. Production Credit Assn.*, 256 Ga. 648, 649-650 (1) (352 SE2d 558) (1987).

4. Finally, as the appellant acknowledges in her brief, if the appellees do not owe her any money for the property under the above theories, then her cause of action against the appellees for their alleged fraudulent transfer of the property must fail. For the same reason, her claim for expenses of litigation must also fail. Thus, pursuant to our decision in Divisions 1 through 3, supra, the appellees were entitled to summary judgment on these claims.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 26, 2008.

*G. Roger Land, Vincent M. Tilley*, for appellant.
*Arnall, Golden & Gregory, James A. Gober*, for appellees.