**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**May 30, 2014**

# In the Court of Appeals of Georgia

A14A0099. FABIAN et al. v. PONTIKAKIS et al.

BARNES, Presiding Judge.

In this case involving a dispute over the purchase price of certain real property conveyed by warranty deed, Christopher and Georgia Pontikakis ("the sellers") sued Clarence Fabian, David Childers, Gernie Furman, and Sukill Miller (collectively "the purchasers") for specific performance, rescission, fraud, implied trust, and intentional infliction of emotional distress.[1] The purchasers moved for summary judgment, contending that the sellers were precluded from introducing evidence of a purchase price different from what was set forth in the parties' sales contract and addendum to

---

[1] The sellers also sued Jonathan Boney, another one of the purchasers of the property. Boney filed a separate motion for summary judgment that was denied by the trial court. Boney has not appealed that summary judgment ruling, and he is not a party to the present appeal.

the sales contract. The trial court denied the motion, concluding that the sellers could introduce parol evidence of the purchase price because "parol or written evidence is admissible to show true consideration for a deed." We granted the purchasers' application for interlocutory review of the trial court's summary judgment ruling,[2] and, as explained below, we reverse in part, vacate in part, and remand for further proceedings consistent with this opinion.

Summary judgment is proper where the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). "Contract disputes are particularly well suited for adjudication by summary judgment because construction of contracts is ordinarily a matter of law for the court." (Citation and punctuation omitted.) *Grot v. Capital One Bank (USA), N.A.*, 317 Ga. App. 786, 793 (6) (732 SE2d 305) (2012). Following a trial court's denial of summary judgment, we "conduct a de novo review, construing all reasonable inferences in the light most favorable to the nonmoving party." *Bank of North Ga. v. Windermere Dev.*, 316 Ga.

---

[2] The purchasers initially filed their application for interlocutory review in the Supreme Court of Georgia, but the Supreme Court transferred the application to this Court because the issues raised in the case did not invoke the Supreme Court's subject matter jurisdiction over questions involving title to land.

App. 33, 34 (728 SE2d 714) (2012). Guided by these principles, we turn to the record in this case.

The record reflects that the sellers owned two tracts of land comprised of approximately 76 acres in Long County, Georgia (the "property"). In the summer of 2008, the sellers were having trouble paying their debts on the property. As a result of the seller's financial problems, foreclosure proceedings were initiated against one of the tracts of land, and a foreclosure sale was advertised for August 5, 2008.

The sellers were anxious to sell their property before the foreclosure sale occurred. Jonathan Boney and the other four purchasers were interested in buying land on which they could hunt and keep horses, and on July 19, 2008, several of them visited the property and met with one of the sellers, Georgia Pontikakis. Georgia Pontikakis told them that the asking price for the property was $323,000. The purchasers left to discuss the purchase price among themselves. Later that day, Boney returned to the property and spoke again with Georgia Pontikakis. According to the sellers, Boney offered $320,000 for the property on behalf of himself and the other four purchasers, and the sellers accepted the offer. The sellers claim that the agreement was memorialized in a handwritten offer of $320,000 dated July 19, 2008 signed by both Boney and Georgia Pontikakis.

3

The purchasers deny that an agreement was ever reached for them to purchase the property for $320,000 and deny that Boney was ever authorized to enter into an agreement in that amount on their behalf. While Boney agrees that he made an initial offer of $320,000, he claims that the sellers rejected that offer upon learning that a deal in that amount could not be finalized before the foreclosure sale.

Regardless of whether the parties reached an agreement on July 19, 2008, it is undisputed that on July 28, 2008, all of the parties executed a sales contract under which Boney and the other four purchasers agreed to purchase the two tracts of property from the sellers for $218,000, the amount believed to be required to pay off the mortgage debt on the property (the "Sales Contract"). The Sales Contract included a provision stating in part that "[t]his contract constitutes the entire agreement between the parties, and shall be binding upon and inure to the benefit of the heirs, executors, administrators, successors and assigns of the parties hereto" (the "Entire Agreement Clause"). The Sales Contract also provided that "time is of the essence of this contract," and the closing date for the sale was scheduled for August 1, 2008, a few days before the scheduled foreclosure sale.

According to Boney, the sellers agreed to a discounted purchase price of $218,000 because they wanted to expedite the sale of the property in light of the

4

impending foreclosure sale. Boney testified that the sellers knew that if they asked for more than that amount, the purchasers would need a certified appraisal for their bank loan that could not be completed before the scheduled foreclosure. Boney further testified that the sellers were willing to have the purchasers simply pay off the debt on the land in return for an expedited closing that avoided the foreclosure.

In contrast, while the sellers conceded that they had executed the Sales Contract, they claimed that the contract was incomplete and that the parties had an oral understanding that Boney and the other purchasers would pay the additional amount of approximately $100,000 after closing once they secured a second loan for that amount. According to the sellers, Boney and the purchasers verbally agreed that after the closing, they would sign a promissory note for the additional $102,000 that would be paid upon them securing the additional loan.

The closing on the sale of the property occurred on August 1, 2008. It is undisputed that at the closing, all of the parties signed an addendum to the Sales Contract revising the purchase price to $221,321, which the parties had learned was the actual balance of the liens on the property (the "Addendum"). That amount was paid to the sellers at closing, and warranty deeds for the two tracts of land were tendered to Boney and the other purchasers. The warranty deeds did not set out the

specific purchase price for the property; instead, the deeds merely recited that the property had been sold "for and in consideration of the sum of Ten and 00/100 Dollars ($10.00), and other good and valuable consideration, cash in hand paid, at and before the sealing and delivery of these presents, the receipt and sufficiency whereof is hereby expressly acknowledged." Additionally, a HUD-1 settlement statement was issued to the parties at closing reflecting that the entire purchase price for the property was $221,321, and the sellers signed a certification that the settlement statement was true and accurate.

Alleging that an agreement had been reached to purchase the property for $320,000, the sellers subsequently brought this action against Boney and the other four purchasers for specific performance, rescission, fraud, implied trust, and intentional infliction of emotional distress. The purchasers answered and later moved for summary judgment, contending, among other things, that it was undisputed that the parties had signed the Sales Contract and Addendum prior to closing that reflected that the purchase price was $221,321, and that the sellers were precluded from introducing extrinsic evidence of a different purchase price. The trial court denied the purchasers' motion for summary judgment, resulting in this appeal.

1. In the count of their verified complaint seeking specific performance, the sellers alleged that the purchasers had breached their contract to purchase the property for $320,000 and requested that the purchasers be required to tender the remaining balance of approximately $100,000 to them. In denying the purchasers' motion for summary judgment, the trial court concluded that "parol or written evidence is admissible to show true consideration for a deed . . . [and] [t]he facts concerning whether true consideration was paid are disputed." Thus, the trial court concluded that the sellers could introduce evidence of a purchase price different from what was set out in the Sales Contract and Addendum to support their contract claim. The purchasers contend that the trial court's conclusion was erroneous, and we agree.

It is true that "[p]arol evidence is admissible to show that the true consideration of the deed is in fact different from the one stated merely by way of recital." (Citation and punctuation omitted.) *Brown v. Southwest Ga. Production Credit Assn.*, 182 Ga. App. 665, 666 (356 SE2d 727) (1987).[3] See *Brosseau v. Jacobs Pharmacy Co.*, 147 Ga. 185, 189 (93 SE 293) (1917); *Knight v. Munday*, 152 Ga. App. 406, 407-408 (2)

_____

[3] Even under this general rule, "one of the parties to a deed cannot, under the guise of inquiring into its consideration, engraft upon the instrument a new condition or covenant which imposes an additional affirmative obligation upon the other party." (Citations and punctuation omitted.) *Brown*, 182 Ga. App. at 666.

7

(263 SE2d 188) (1979). But that does not end the matter under the circumstances of the present case. Here, the undisputed evidence shows that all of the parties executed the Sales Contract containing the Entire Agreement Clause and the Addendum reflecting a purchase price of $221,321.

Under well-established Georgia law, "[p]rior and contemporaneous statements and agreements cannot be shown to vary, contradict or change the terms of a valid written contract purporting on its face to contain all the terms of an agreement between parties." *Taylor Freezer Sales Co. v. Hydrick*, 138 Ga. App. 738, 741 (4) (227 SE2d 494) (1976). See also *Zaglin v. Atlanta Army Navy Store*, 275 Ga. App. 855 (622 SE2d 73) (2005) (handwritten note constituted inadmissible parol evidence because when a written contract "is complete on its face," evidence that "contradicts the terms of the written instrument" is inadmissible). "Thus, the parol evidence rule bars any attempt to contradict, vary or supplement the consideration stated in an integrated contract." (Citation and punctuation omitted.) *Abrams v. Massell*, 262 Ga. App. 761, 767 (5) (586 SE2d 435) (2003).

Furthermore, when a contract includes an entire agreement clause, the clause "operates as a disclaimer, establishing that the written agreement completely and comprehensively represents all the parties' agreement." (Footnote omitted.) *Reininger*

8

*v. O'Neill*, 316 Ga. App. 477, 483 (2) (a) (729 SE2d 587) (2012). See *Han v. Han*, 295 Ga. App. 1, 3 (1) (b) (670 SE2d 842) (2008). Hence, if a contract contains an entire agreement clause, "a party cannot argue they relied upon representations other than those contained in the contract." (Citation and punctuation omitted.) *Han*, 295 Ga. App. at 3 (1) (b).

Based on these principles of contract law, the sellers were precluded from introducing evidence of a purchase price inconsistent with what was set out in the Sales Contract and Addendum to support their contract claim, and the fact that the warranty deeds ultimately tendered to the purchasers contained a recital of nominal consideration does not alter this conclusion. See *Great American Builders v. Howard*, 207 Ga. App. 236, 239, 240 (2) (427 SE2d 588) (1993) (reversing trial court's denial of summary judgment to the defendant on the plaintiffs' breach-of-contract claim in light of the entire agreement clause contained in the sales contract that was executed prior to the conveyance of the property by warranty deed, even though the trial court had concluded that "parol evidence is admissible to show the true consideration for a deed"). See also *Gaudet v. Starr*, 215 Ga. App. 451, 452-453 (2) (451 SE2d 476) (1994) (affirming grant of summary judgment to seller on purchasers' breach of contract claim in case where "a deed to the property was executed to close the sale,"

9

in light of the entire agreement clause contained in the sales contract executed before the closing).[4]

In reaching this conclusion, we point out that the present case is distinguishable from *Knight*, 152 Ga. App. at 407-408 (1). In *Knight*, the seller contended that the parties had orally agreed that the purchase price for the real property at issue would be $6,500, while the buyer relied upon the warranty deed and certain other certificates and receipts in contending that the purchase price was only $5,000. Id. at 407 (1). In concluding that the seller's breach-of-contract claim was properly submitted to the jury, we reasoned that the warranty deed stated the consideration merely by way of recital, and thus that the seller could submit parol evidence as to the true consideration agreed to by the parties. Id. at 407-408 (1). Notably, however, there is

---

[4] We note that the sellers do not argue that the Sales Contract and Addendum merged into the warranty deeds, see generally *Tallahassee State Bank v. Macon*, 317 Ga. App. 128, 132-133 (1) (730 SE2d 646) (2012) (discussing merger doctrine), and we need not address legal arguments that were neither raised in the court below by the party opposing summary judgment nor ruled upon by the trial court, see *Safe Shield Workwear, LLC v. Shubee, Inc.*, 296 Ga. App. 498, 500-501 (2) (675 SE2d 249) (2009). In any event, when a deed contains a recital of nominal consideration, the provisions of a sales contract that are relevant to the actual monetary consideration paid by the buyer ordinarily do not merge with the deed. See generally 77 Am.Jur.2d Vendor and Purchaser § 253 (database updated February 2014).

nothing in *Knight* to indicate that the parties ever executed a written sales contract prior to closing, much less one containing an entire agreement clause.

For these reasons, we conclude that the sellers were precluded from introducing evidence of any prior or contemporaneous statements or agreements reflecting a purchase price of $320,000 for the property, and thus could not succeed on their contract claim. It follows that the trial court erred in denying summary judgment to the purchasers on this claim, and the court's ruling therefore must be reversed.

2. The purchasers also moved for summary judgment on the sellers' remaining claims for rescission, fraud, implied trust, and emotional distress on various grounds. It does not appear that the trial court reached the merits of the purchasers' summary judgment motion regarding these other claims, instead focusing exclusively on whether the sellers could introduce parol evidence of the purchase price to support their contract claim. And, as made clear in Division 1, the trial court's legal conclusion regarding the issue of parol evidence was erroneous. Under these circumstances, we vacate the trial court's denial of summary judgment to the purchasers on these remaining counts of the sellers' complaint and remand the case to the trial court for its consideration of the purchasers' motion on the merits. See *Harris Ventures, Inc. v. Mallory & Evans, Inc.*, 291 Ga. App. 843, 845 (2) (662 SE2d

11

874) (2008). See also *City of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002).

*Judgment reversed in part; vacated in part; and case remanded with instruction. Boggs and Branch, JJ., concur.*