**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**September 26, 2014**

# In the Court of Appeals of Georgia

A14A0954. WAGNER v. ROBINSON.

McFADDEN, Judge.

Willard P. Wagner appeals the grant of summary judgment to Nancy E. Robinson in this action arising from Wagner's work on property owned by Robinson. Wagner argues that the trial court erred in granting summary judgment because issues of material fact are in dispute. We find that Robinson has not shown by undisputed fact that Wagner is barred from enforcing the parties' 2008 oral agreement or that Wagner did not perform his part of the oral agreement. But we agree with Robinson that the evidence that Wagner failed to file notice of his lien action is undisputed. We therefore affirm in part and reverse in part the trial court's grant of summary judgement to Robinson.

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). We apply a de novo standard of review "to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Moore v. Camara*, 317 Ga. App. 651, 652 (732 SE2d 319) (2012).

Viewed in this light, the evidence shows that in May 2007, Wagner and Robinson's father agreed that Wagner would renovate and repair the father's residence. In exchange, the father was to give Wagner a certain piece of property. The father's health was declining, and prior to his death Robinson was involved in the renovation work in that she bought materials and would sometimes pay Wagner and other workers. The father died in October 2008, and Robinson inherited the property.

Some time between January and March 2011, Wagner and Robinson signed a written agreement. They acknowledged that they had entered an oral agreement in approximately May 2008 under which Wagner would perform certain home remodeling projects for Robinson in exchange for the future conveyance of clear title

2

to the property that had been part of the agreement with the father. They also acknowledged that Wagner had performed all the work satisfactorily. Nonetheless, Robinson did not transfer the property to Wagner.

Wagner filed this lawsuit in October 2011, seeking enforcement of his agreement with Robinson to perform the work in exchange for the property. He also asserted claims for breach of contract, compensation under a theory of quantum meruit, and foreclosure of his lien. Robinson answered the complaint and filed a counterclaim, alleging that Wagner had committed fraud by representing that he was a Georgia-licensed contractor and that he had failed to complete the work in a satisfactory manner.

In July 2013, Wagner amended his complaint. He alleged that once Robinson's father died in October 2008, Robinson and Wagner entered an oral agreement to complete the work and that they reduced the oral agreement to writing in January 2011. He sought enforcement of the January 2011 contract. As in the original complaint, he also asserted claims for breach of contract, compensation under a theory of quantum meruit, and foreclosure of his lien. Robinson answered the amended complaint, this time adding as a defense that Wagner was not a Georgia-licensed contractor at the time he entered the agreement, specifying neither the 2008

3

oral agreement nor the 2011 contract, so the agreement was unenforceable under Georgia statutory law. She again filed a counterclaim.

Robinson moved for summary judgment on Wagner's claims, although apparently not on her counterclaims. (In her brief in support of her summary judgment motion, Robinson did not argue that she was entitled to summary judgment on her counterclaims.) Robinson made three arguments as to why she was entitled to summary judgment. First, she argued that under OCGA § 43-41-17 (b), Wagner's failure to have a Georgia contractor license when the parties entered their oral agreement in October 2008 barred him from enforcing it. She also argued that Wagner was not entitled to specific performance because he had not completed his obligations under the agreement. Although she did not specify whether she meant the 2008 oral agreement or the 2011 contract, apparently she meant the 2008 oral agreement. Finally, she argued that Wagner could not foreclose his claim of lien because he had not filed a notice of the lien action with the superior court clerk as OCGA § 44-14-361.1 (a) (3) requires.

Without making findings of fact or conclusions of law, the trial court granted Robinson's motion for summary judgment, and Wagner filed this appeal.

4

1. *Whether OCGA § 43-41-17 (b) applies to the 2008 contract is a question of fact.*

Wagner does not dispute that he did not obtain his Georgia contractor license until July 2012. But he argues that OCGA § 43-41-17 (b), the statute that bars unlicensed contractors from enforcing their contracts, does not apply to the parties' 2008 oral agreement because they entered the contract before the statute's effective date. OCGA § 43-41-17 (b) states in pertinent part:

> As a matter of public policy, any contract entered into on or after July 1, 2008, for the performance of work for which a residential contractor or general contractor license is required by this chapter and not otherwise exempted under this chapter and which is between an owner and a contractor who does not have a valid and current license required for such work in accordance with this chapter shall be unenforceable in law or in equity by the unlicensed contractor. For purposes of this subsection, a contractor shall be considered unlicensed only if the contractor was unlicensed on the effective date of the original contract for the work, if stated therein, or, if not stated, the date the last party to the contract executed such contract, if stated therein. If the contract does not establish such a date, the contractor shall be considered unlicensed only if the contractor was unlicensed on the first date upon which the contractor provided labor, services, or materials under the contract. Notwithstanding any other provision of law to the contrary, if a contract is rendered unenforceable under this subsection, no lien or bond claim

5

shall exist in favor of the unlicensed contractor for any labor, services, or materials provided under the contract or any amendment thereto.

Wagner argues that the parties entered their oral agreement at the latest in May 2008. As evidence, he points to the parties' 2011 contract, which was attached as an exhibit to his affidavit filed in response to the summary judgment motion. That contract recites that "beginning approximately in May of 2008, an agreement was made between the [p]arties" to the effect that Wagner would perform the work in exchange for the piece of property.

Robinson argues that the evidence is undisputed that the parties entered their oral agreement in October 2008, after the effective date of the statute. She points to two pieces of evidence. First, she points to Wagner's deposition testimony, but we do not find that testimony to be unequivocal regarding the date of the 2008 oral agreement. Wagner simply testified that after Robinson's father died, he and Robinson decided "okay, this is what we're going to do, and [they] went forward from there." Second, she points to allegations in Wagner's amended complaint that, "On October 3, 2008, [the father] died. At that point, [Robinson and Wagner] entered into an oral contract to complete the work."

Generally, a party is bound by the admissions made in his pleadings. *Knutsen v. Atlanta Women's Specialists Obstetrics & Gynecology*, 264 Ga. App. 87, 89-90 (589 SE2d 588) (2003). However, if the trial court admits conflicting evidence,

> and either the court (e.g., when ruling on a motion for summary judgment, as here,) or the jury (when reaching its verdict) considers the conflicting evidence on the merits, the pleadings at that point become amended to conform to such evidence. This is because, by admitting the evidence and allowing the factfinder to consider it, the trial court has in effect, either sua sponte or by overruling an opposing motion, tacitly permitted the pleading party to withdraw the admission contained in the pleadings.

Id. at 90 (emphasis, punctuation and citations omitted). The superior court here expressly stated that it reviewed the parties' evidence, which included the conflicting evidence as to the date the parties entered the 2008 contract. "The superior court having thus tacitly allowed [Wagner] to 'amend' his pleadings, no admission in judicio remained in bar of his claim." Id. Rather, the withdrawn admission created a conflict of fact. *Wilson v. Ortiz*, 232 Ga. App. 191, 197 (3) (501 SE2d 247) (1998). Consequently, the date the parties entered the 2008 oral agreement was not undisputed, and Robinson was not entitled to summary judgment on this ground.

2. *Robinson was not entitled to summary judgment on the specific performance claim.*

In her motion for summary judgment, Robinson argued that Wagner was not entitled to specific performance because he did not fully perform his part of the agreement. See *Simprop Acquisition Co. v. L. Simpson Charitable Remainder Unitrust*, 305 Ga. App. 564, 566 (1) (b) (699 SE2d 860) (2010) ("A party seeking specific performance of a contract must show substantial compliance with his part of the agreement in order to be entitled to a decree.") (citation omitted). (It appears she was referring to the 2008 oral agreement, not the 2011 contract.) Among other things, she points to Wagner's deposition testimony that the work had not been inspected.

Wagner argues that the evidence shows he completed the work required by the parties' 2008 oral agreement. He points to the 2011 contract, in which the parties acknowledged that the work had been completed and that no additional work would be requested under the agreement. And he points to the provision in that 2011 contract which states that it "supersedes any and all prior understandings" between the parties. "[I]f a contract contains an entire agreement clause, a party cannot argue [she] relied upon representations other than those contained in the contract." *Fabian*

8

*v. Pontikakis*, __ Ga. App. __, __ (1) (__ SE2d __) (Case No. A14A0099, decided May 30, 2014) (citation and punctuation omitted).

Because Robinson has not shown "that there is no genuine issue as to any material fact and that [she] is entitled to a judgment as a matter of law," OCGA § 9-11-56 (c), the trial court erred in granting her summary judgment on Wagner's specific performance claim.

3. *Wagner has not pointed to evidence that he filed a notice of his lien action with the superior court clerk as OCGA § 44-14-361.1 (a) (3) requires.*

Robinson argued on summary judgment that Wagner's lien was unenforceable because he did not file a notice of his lien action with the superior court clerk. OCGA § 44-14-361.1 (a) (3) provides in part that a contractor lien is unenforceable unless "within 30 days after commencing [a] lien action, the party claiming the lien shall file a notice with the clerk of the superior court of the county wherein the subject lien was filed."

When asked whether he had filed anything with the superior court clerk after he filed his lien, Wagner answered, "not that I recall." He does not point to any evidence that he filed the required notice. Nor does he make any argument on this

9

issue. Consequently, he has not shown that the superior court erred by granting Robinson summary judgment on his claim for foreclosure of his lien.

4. *Robinson's summary judgment cannot be affirmed under the "right for any reason" rule.*

In her motion for summary judgment, Robinson argued that the 2008 oral agreement was unenforceable due to Wagner's lack of a contractor license, that Wagner was not entitled to specific performance because he did not complete the work in the parties' agreement, and that Wagner could not recover on his lien because he had not filed the required notice with the superior court. She did not rely below on an argument that the 2011 contract was unenforceable due to Wagner's lack of a contractor's license. She makes that argument now, but we cannot address it.

Appellate courts do apply the "right for any reason" rule when reviewing grants of summary judgment. *City of Gainesville v. Dodd*, 275 Ga. 834, 835 (573 SE2d 369) (2002). "But that rule cannot be applied so as to affirm the trial court" on grounds not raised before the trial court. *Georgia-Pacific, LLC v. Fields*, 293 Ga. 499, 504 (2) (748 SE2d 407) (2013). "[A] grant of summary judgment must be affirmed if it is right for any reason, whether stated or unstated in the trial court's order, *so long as the movant raised the issue in the trial court and the nonmovant had a fair*

10

*opportunity to respond.*" Id. (citation omitted; emphasis in original). Since Robinson did not present this issue in her motion for summary judgment, application of the right for any reason rule is not appropriate.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Ray, J., concur.*