NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1738
_____

MATTHEW SCHMITT, Individually and on behalf of all others similarly situated,
Appellant

v.

NEWELL BRANDS INC.; GRACO CHILDRENS PRODUCTS, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:20-cv-16240)
District Judge: Honorable Zahid N. Quraishi
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 1, 2024

Before: SHWARTZ, MATEY, and SCIRICA, *Circuit Judges*

(Filed: January 9, 2025)
_____

OPINION*
_____

_____

*This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Matthew Schmitt bought a car seat manufactured by Newell and Graco, intending to use the seat for the entire decade of its warranty life. When Schmitt realized that the car seat would require a replacement before the end of its warranty life, he sued for money damages and injunctive relief. The District Court granted the Defendants' motion to dismiss and, finding no error, we will affirm.

**I.**

In August 2020, Schmitt bought a "SlimFit<sup>TM</sup> Platinum 3-in-1 Car Seat" manufactured by the Defendants, "intending to use it for ten years, not only for his current child, but with hopes of utilizing it for future children as well." App. 31. The accompanying manual instructs consumers to "STOP using this car seat and throw it away 10 years after the date of manufacture," a warning reiterated on Graco's website, advising that "[c]ar seats can be used safely only for a defined period of time, typically 7 to 10 years." App. 31 (alteration in original). Graco advertises that a different product, the "4Ever All-in-1 Convertible Car Seat," will "giv[e] you 10 years with one car seat." App. 31. But that is not the car seat Schmitt purchased.

When Schmitt received his purchase, it was affixed with a sticker indicating that it was manufactured in March 2019. Schmitt claims the gap between manufacture and sale cut some 15% from the value because it deprived him from using the car seat for the entire ten-years he anticipated. Displeased, Schmitt filed a putative class action lawsuit against the Defendants, alleging violations of the New Jersey Consumer Fraud Act, N.J.

2

Stat. Ann. § 56:8-1 *et seq.*, negligent misrepresentation, fraud, and unjust enrichment, seeking monetary damages and injunctive relief. The District Court granted the Defendants' motion to dismiss, holding that Schmitt lacked standing to seek monetary damages or injunctive relief. Schmitt now appeals.[1]

## II.

## A.

Our analysis begins, and ends, with standing, the requirement that a plaintiff "must show that []he has suffered, or will suffer, an injury that is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). This "injury must be actual or imminent, not speculative." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024).

Schmitt's alleged injury stems from the reduced value of the car seat due to his inability to use the car seat for his "current child" and any "future children" during the full ten year-period after his purchase.[2] App. 31. Because of the delay between the

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We review de novo an order granting a motion to dismiss, *Borough of Longport v. Netflix, Inc.*, 94 F.4th 303, 306 (3d Cir. 2024) and "may affirm on any ground supported by the record," *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021). "[W]e accept as true the factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor." *Host Int'l, Inc. v. MarketPlace, PHL, LLC*, 32 F.4th 242, 248 (3d Cir. 2022) (quoting *Phila. Taxi Ass'n, Inc. v. Uber Techs., Inc.*, 886 F.3d 332, 338 (3d Cir. 2018)).

[2] Schmitt does not allege that the car seat presently suffers from a defect.

manufacture date and Schmitt's date of purchase, Schmitt's car seat will expire in March 2029, rather than August 2030. On this ten-year timeline, Schmitt's need for the car seat past the end of this decade will not "be likely to occur soon." *All. for Hippocratic Med.*, 602 U.S. at 381 (citing *Clapper*, 568 U.S. at 409); *see also Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 887 (3d Cir. 2020) (explaining that "uncertain future events do not make [a product] worth less at the time of purchase"). Nor has Schmitt shown that his future need for the car seat is "certainly impending," *Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 152 (3d Cir. 2022) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)), because his daughter will have outgrown the seat by 2029, and Schmitt does not currently have any other children. As Schmitt cannot demonstrate an actual or imminent injury, he lacks standing to pursue monetary damages.[3]

**B.**

Nor can Schmitt sustain his claim for injunctive relief. Since "standing is not dispensed in gross," Schmitt "must demonstrate standing . . . for each form of relief that [he] seek[s]." *Murthy*, 603 U.S. at 61 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021)). "[A] party seeking prospective relief 'must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'" *Durham*

---

[3] Having determined that Schmitt's standing is foreclosed by his lack of an actual or imminent injury, we decline to consider whether his claims could proceed absent a contract.

*v. Kelley*, 82 F.4th 217, 226 (3d Cir. 2023) (quoting *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)).

Schmitt sought injunctive relief because he "would like to be able to purchase a Graco Car Seat in the future, but would like to be able to know what the useful life of the product he is purchasing is." App. 35. He has since clarified that he would not suffer any "future injury." Opening Br. at 11 n.1. Absent a future injury, Schmitt does not have standing to seek injunctive relief.

\* \* \* \*

The District Court did not err in granting the Defendants' motion to dismiss. So we will affirm.